The People of the State of New York, Respondent,
against
Peter Manos, Appellant.




Zachary Margulis-Ohnuma, Esq., for appellant.
District Attorney Queens County, Jonathan V. Brewer, Esq., for respondent.

Appeal from an order of the Criminal Court of the City of New York, Queens County (Dorothy Chin Brandt, J.), entered June 2, 2015. The order, in effect, dismissed defendant's petition to be relieved of registering as a sex offender, to strike his name from the sex offender registry maintained by the New York State Division of Criminal Justice Services (DCJS), and to enjoin DCJS from publishing his identity to other governmental entities or the public.




ORDERED that the order is affirmed, without costs.
In 1999, defendant pleaded guilty to one count of attempted possessing a sexual performance by a child (Penal Law §§ 110.00, 263.16), a class A misdemeanor. He was sentenced to three years' probation and designated a level one sex offender, which designation, at that time, required him to register as a sex offender for a period of 10 years (see Correction Law former § 168-h, as added by L 1995, ch 192, § 2). In June 2015, defendant petitioned the Criminal Court, among other things, to be relieved of his registration requirements. He alleged that he had complied with the conditions of his probation and his obligations under the Sex Offender Registration Act (SORA). The court denied the petition on the ground that defendant, designated as a level one sex offender, had no statutory right to petition the court for such relief.
As originally enacted, Correction Law former § 168-o (1) (as added by L 1995, ch 192, § 2) provided, in part, that "[a]ny sex offender required to register pursuant to this article may be relieved of any further duty to register upon the granting of a petition for relief by the sentencing court." In 2006, SORA was amended to increase the period of registration for level one sex offenders from 10 to 20 years (see Correction Law former § 168-h [1], as amended by L 2006, ch 1, § 3) and the period of registration for higher risk sex offenders (levels two and three) was made an annual lifetime registration (see Correction Law § 168-h [2], [3], as amended by L 2006, ch 1, § 3). 
A few months after defendant pleaded guilty, Correction Law former § 168-o (1) was amended (see Correction Law § 168-o [1], as amended by L 1999, ch 453, § 11) to provide that "[a]ny sex offender required to register or verify pursuant to this article who has been registered for a minimum period of ten years may be relieved of any further duty to register upon the granting of a petition for relief." Subsequently, in 2006, the New York State Legislature enacted [*2]the current version of Correction Law § 168-o (1), whereby the eligibility to petition for relief from registering was limited to level two sex offenders who had already been registered for a period of 30 years.[FN1]


On appeal, defendant contends that any amendment to Correction Law § 168-o (1), which no longer authorizes level one sex offenders to petition for relief from registering, may not be applied to him retroactively.

"It is a fundamental canon of statutory construction that retroactive operation is not favored by courts and statutes will not be given such construction unless the language expressly or by necessary implication requires it. An equally settled maxim is that remedial legislation or statutes governing procedural matters should be applied retroactively" (Majewski v Broadalbin- Perth Cent. School Dist., 91 NY2d 577, 584 [1998]; see McKinney's Cons Laws of NY, Book 1, Statutes § 55). The determination of whether a statute should be given retroactive effect may require a search of legislative intent (see McKinney's Cons Laws of NY, Book 1, Statutes § 51). The enabling legislation for Correction Law § 168-o (1) (as amended by L 2006, ch 1, § 6), which amendment took effect immediately on January 18, 2006, provides:

"This act . . . shall apply to all sex offenders registered or required to register immediately prior to the effective date of this act, or who are required to register on or after such date."

In view of the foregoing, there can be no doubt that the legislature intended Correction Law § 168-o (1) to be applied retroactively. Consequently, as defendant is designated a level one sex offender, he has no statutory right to petition for relief from registration (see Correction Law § 168-o [1]; People v Wyatt, 89 AD3d 112, 125 [2011]), and his petition was properly dismissed.

Accordingly, the order is affirmed.

Pesce, P.J., Weston and Aliotta, JJ., concur.

Decision Date: April 12, 2017



Footnotes

Footnote 1:Correction Law former § 168-o (1) had also been amended in 2002.